UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BRIAN SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | No.  2:21-cv-0412 DB<br><br><br>ORDER |

　　　　This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion asserts that the Administrative Law Judge erred in several respects, including at step two of the sequential evaluation, in evaluating the medical opinion evidence, in rejecting plaintiff's testimony, and at step five of the sequential evaluation.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 10.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On April 16, 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 16, 2019. (Transcript ("Tr.") at 15, 179-82.) Plaintiff's alleged impairments included lower back issues, ulcers, and bipolar disorder. (Id. at 212.) Plaintiff's application was denied initially, (id. at 89-92), and upon reconsideration. (Id. at 95-99.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 20, 2020. (Id. at 32-59.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 15, 32-39.) In a decision issued on December 8, 2020, the ALJ found that plaintiff was not disabled. (Id. at 25.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since April 16, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: right acromioclavicular osteoarthritis; thoracolumbar degenerative disc disease (DDD) with radiculopathy and post-laminectomy syndrome; gastroesophageal reflux disease (GERD); chronic gastric ulcer; a tremor disorder of the head and bilateral upper extremities; anxiety disorder; bipolar disorder; and a neurocognitive disorder. (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently and to stand and/or walk for approximately 4 hours and sit for approximately 4 hours, in an 8-hour workday, with normal breaks, with the following additional limitations.  He cannot climb ladders, ropes, and scaffolds and can occasionally climb stairs and ramps.

>He can occasionally push and pull with the bilateral upper extremities, balance, stoop, kneel, and crouch. He cannot crawl. He can frequently handle and finger bilaterally. He should have no exposure to extreme cold, vibrations, moving mechanical parts, and high, exposed-place hazards, as rated by the Dictionary of Occupational Titles (DOT). He can understand, remember, and carry out simple, routine, and repetitive instructions and tasks.
>
>6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
>7. The claimant was born [in] 1975 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
>8. The claimant has at least a high school education. (20 CFR 404.1564).
>
>9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1569 and 404.1569(a)).
>
>11. The claimant has not been under a disability, as defined in the Social Security Act, from April 16, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 17-25.)

On January 21, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's December 8, 2020 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 8, 2021. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following seven principal claims: (1) the ALJ's treatment of the medical opinion evidence was erroneous; (2) the ALJ erred at step five of the sequential evaluation; (3) the ALJ engaged in "cherry-picking"; (4) the ALJ erred at step two of

4

the sequential evaluation; (5) the ALJ erred at step three of the sequential evaluation; (6) the ALJ failed to provide a clear and convincing reason for rejecting plaintiff's testimony; and (7) the ALJ's residual functional capacity determination was erroneous.[3] (Pl.'s MSJ (ECF No. 15) at 10-31.[4])

## I. Medical Opinion

Plaintiff argues that the ALJ erred by rejecting the opinion of Psychiatric Physician's Assistant ("PA"), Lacey Townsend. (Id. at 17-18.) For claims filed prior to March of 2017, Ninth Circuit's precedent established a hierarchy for medical opinions based on the physician's relationship to the plaintiff. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."). In 1991, the Commissioner promulgated regulations consistent with the Ninth Circuit's hierarchy. See 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

On March 27, 2017, however, revised Social Security Administration regulations went into effect regarding the evaluation of medical opinions. Pursuant to those regulations, "the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'" V.W. v. Comm'r of Soc. Sec., No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a). In place of specific evidentiary weight, the Commissioner will "evaluate the persuasiveness of medical opinions" based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5), § 416.920c(a), (c)(1)-(5).

---

[3] The court has reordered plaintiff's claims for the sake of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

While the ALJ will consider all of the above factors, "the ALJ must explain how he considered the two 'most important factors'—supportability and consistency." Crystal R. E. v. Kijakazi, Case No. 20-cv-0319 SH, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability concerns how "relevant the objective medical evidence and supporting explanations presented by a medical source are[.]" 20 C.F.R. § 404.1520c(c)(1). The more relevant evidence and support presented "the more persuasive the medical opinion[] . . . will be." (Id.) With respect to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources . . . the more persuasive the medical opinion . . . will be." (Id.)

In this regard, the new regulations "still require that the ALJ provide a coherent explanation of [her] reasoning," and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Hardy v. Commissioner of Social Security, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021). Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

Here, on November 23, 2020, PA Townsend completed a Mental Impairment Questionnaire. (Tr. at 749-53.) Therein, Townsend stated that plaintiff had been treated for bipolar disorder which caused "mood dysregulation," "sleep difficulties," "intermittent explosive anger outbursts," and "difficulty following directions even when written down." (Id. at 749.) Townsend also identified over two dozen signs and symptoms plaintiff experienced, including decreased energy, difficulty concentrating, paranoid thinking, hyperactivity, pressured speech, short term memory impairment, and persistent irrational fear. (Id. at 750.) Townsend then opined that plaintiff would be either unable to meet competitive standards or have no useful

ability with respect to various mental abilities and aptitudes needed to do unskilled work.  (Id. at 751.)

   The entirety of the ALJ's discussion of PA Townsend's opinion was as follows:

> The opinion of Lacey Townsend, PA, one of the claimant's own medical sources, was unpersuasive.  PA Townsend provides little in the way of support for her extreme set of proposed limitations.  Moreover, her opinion is inconsistent with the evidentiary considerations discussed below in the explanation of the mental component of my residual functional capacity assessment, and above in the assessment of the paragraph B criteria.

(Id. at 23.)

   This analysis is woefully inadequate.  There is no discussion of either the opinion's supportability or consistency.  The ALJ did not even cite to—let alone discuss—evidence in support of the ALJ's assertion.  Instead, the ALJ attempts to rely entirely on the vague and conclusory reference to the ALJ's opinion "below" and "above."  (Id.)

   "Judges are not like pigs, hunting for truffles buried in" the evidence of record to find support for the ALJ's decision.  U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).  Nor can the court speculate as to what the ALJ may have been thinking.  See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

   An ALJ must provide "an 'adequate discussion'" of the ALJ's persuasiveness explanation, which "enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence . . . . and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof."  Cooley v. Commissioner of Social Security, 587 F.Supp.3d 489, 499 (S.D. Miss. 2021).

> The regulations are clear and imperative in defining the mode of analysis.  All medical sources are to be considered, and a rationale articulating how the ALJ applied the factors specified in the regulations must be stated for each source. . . .  The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail how the factors actually were applied in each case, to each medical source.

Hardy, 554 F.Supp.3d at 909; see also Loucks v. Kijakazi, 21-1749, 2022 WL 2189293, at *2 (2nd Cir. 2022) ("the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); Dogan v. Kijakazi, Civil Action No. 6:21-3291 RMG, 2022 WL 4092461, at *4 (D. S.C. Sept. 7, 2022) ("where . . . there is significant record evidence supporting Plaintiff's claim of disability and the regulation requires the ALJ to consider all of the factors under 404.1520c(c), the Court cannot confirm that this was actually done without the ALJ confirming he considered all five factors set forth in § 404.1520c and explaining how he weighed those factors").

Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of PA Townsend's opinion was erroneous.

## II.     Step Five Error

Plaintiff also argues that the ALJ erred at step five of the sequential evaluation. (Pl.'s MSJ (ECF No. 15) at 29-31.) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016); see also Leach v. Kijakazi, 70 F.4th 1251, 1254 (9th Cir. 2023).

"When there is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ('DOT')—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846. When such a conflict exists "the ALJ may not rely on the VE's 'evidence to support a determination or decision that the individual is or is not disabled' unless the ALJ explains 'how he or she resolved the conflict.'" Wischmann v. Kijakazi, 68 F.4th 498, 505 (9th Cir. 2023) (quoting SSR 00-4p, 65 Fed. Reg. at 75760).

1    Here, the VE testified that a hypothetical person with plaintiff's limitations could perform
2    the jobs of "host, DOT #439.667-014," and "rental clerk, DOT #392.357-010." (Tr. at 25.) The
3    DOT, however, states those jobs require a level 3 reasoning level, while the hypothetical question
4    to the VE limited the person to "simple and routine work." (Tr. at 53.)

5    "The weight of authority in this circuit, including in this district, has concluded that a
6    limitation to simple, repetitive tasks is inconsistent with the DOT's description of jobs requiring .
7    . . reasoning Level 3." Celedon v. Colvin, No. 1:13-cv-0449 SMS, 2014 WL 4494507, at *9
8    (E.D. Cal. Sept. 11, 2014); see also Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)
9    (limitation to simple and routine work "seems inconsistent with the demands of level-three
10   reasoning"); Tich Pham v. Astrue, 695 F.Supp.2d 1027, n.7 1032 (C.D. Cal. 2010) (level 3
11   reasoning "greater than the reasoning required for simple repetitive tasks"); Gottschalk v. Colvin,
12   Civil No. 6:13-cv-0125-JE, 2014 WL 1745000, at *5 (D. Or. May 1, 2014) (majority of district
13   courts within the Ninth Circuit have concluded that there is a conflict between limitation to
14   simple, routine, repetitive work and level 3 reasoning); Torrez v. Astrue, No. 1:09-0626-JLT,
15   2010 WL 2555847, at *9 (E.D. Cal. June 21, 2010) ("In light of the weight of authority in this
16   circuit, the Court concludes that the DOT precludes a person restricted to simple, repetitive tasks,
17   from performing work . . . that requires level three reasoning.").

18   The ALJ failed to reconcile this inconsistency. Defendant concedes that "the expert's
19   testimony had some problems," but argues that the ALJ's reliance on the VE's testimony was
20   harmless "because the expert testified to the existence of 45,000 jobs nationwide" as a counter
21   clerk that plaintiff could perform. (Def.'s MSJ (ECF No. 19) at 26.) The VE's testimony,
22   however, was muddled and confusing, at best.

23   In this regard, the VE identified DOT job 249.366-010, "counter clerk," as a job someone
24   with plaintiff's limitations could perform. (Tr. at 55.) The DOT identifies the job of counter
25   clerk as someone working in the photofinishing industry such as receiving "film for
26   processing[.]" DICOT 249.366-010. The VE, however, testified that the VE's answer was
27   actually a "composite counter clerk," that the VE was "just putting it under a general counter
28   ////

1  clerk, retail, large, small, whatever in virtually any type of - - retail type of business shopper or

2  whatever." (Tr. at 55.)

3        The demands of a "composite" job created by the VE, defined as "whatever in virtually

4  any type of retail type of business shopper or whatever" are entirely unknown to the court.

5  Presented with the VE's vague and confusing answer, the court has no way of evaluating whether

6  the VE's testimony conflicted with the DOT or the ALJ's hypothetical. Accordingly, the court

7  finds that plaintiff is also entitled to summary judgment on this claim.

## CONCLUSION

9        After having found error, "'[t]he decision whether to remand a case for additional

10  evidence, or simply to award benefits[,] is within the discretion of the court.'"[5] Trevizo v.

11  Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

12  (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits

13  where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

18  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

19        Even where all the conditions for the "credit-as-true" rule are met, the court retains

20  "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

21  to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at

22  1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

---

[5] Having already identified errors requiring remand, and upon review of plaintiff's remaining claims and the record, the court finds it unnecessary to reach plaintiff's remaining claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the nature of the ALJ's errors—failing to properly consider medical opinion evidence and failing to properly question the VE—the court cannot say that further administrative proceedings would serve no useful purpose. This case, therefore, will be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 14, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\smith0412.ord