UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BRIAN SMITH, | No. 2:21-cv-0412 DB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | |

Pending before the court in this social security action is defendant's motion to amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. (ECF No. 22.) For the reasons explained below, defendant's motion is denied.

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g) on March 8, 2021. (ECF. No. 1.) On August 17, 2022, plaintiff filed a motion for summary judgment. (ECF No. 15.) On September 27, 2022, defendant filed a cross motion for summary

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024). Accordingly, Martin O'Malley is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1

1  judgment.  (ECF No. 19.)  On September 14, 2023, the court signed an order granting plaintiff's
2  motion for summary judgment, denying defendant's motion, and remanding this matter for
3  further proceedings.  (ECF No. 20.)
4        On September 29, 2023, defendant filed a motion to amend the judgment.  (ECF No. 22.)
5  On November 12, 2023, plaintiff filed an opposition.  (ECF No. 24.)  On December 1, 2023,
6  defendant filed a reply.  (ECF No. 26.)  On December 4, 2023, the parties filed a stipulation and
7  proposed order to amend the judgment.  (ECF No. 27.)  On December 4, 2023, defendant's
8  motion was taken under submission.  (ECF No. 28.)
9        **ANALYSIS**
10       "[A]ltering or amending a judgment under Rule 59(e) is an 'extraordinary remedy' usually
11 available only when (1) the court committed manifest errors of law or fact, (2) the court is
12 presented with newly discovered or previously unavailable evidence, (3) the decision was
13 manifestly unjust, or (4) there is an intervening change in the controlling law."  Rishor v.
14 Ferguson, 822 F.3d 482, 491-92 (9th Cir. 2016) (quoting Allstate Ins. Co. v. Herron, 634 F.3d
15 1101, 1111 (9th Cir. 2011)).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters,
16 raise argument or present evidence that could have been raised prior to the entry of judgment."
17 Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  "A district
18 court has considerable discretion when considering a motion to amend a judgment under Rule
19 59(e)."  Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).
20       Here, defendant's motion seeks to relitigate old matters the court has already ruled upon.
21 In this regard, one of the ALJ's errors identified in the court's September 14, 2023 order granting
22 plaintiff's motion for summary judgment concerned the ALJ's treatment of an opinion provided
23 by Physician's Assistant ("PA") Lacey Townsend.  (ECF No. 20 at 5-8.)  The entirety of the
24 ALJ's discussion, which the court quoted in full in the court's order, was as follows:

> The opinion of Lacey Townsend, PA, one of the claimant's own medical sources, was unpersuasive.  PA Townsend provides little in the way of support for her extreme set of proposed limitations. Moreover, her opinion is inconsistent with the evidentiary considerations discussed below in the explanation of the mental component of my residual functional capacity assessment, and above in the assessment of the paragraph B criteria.

(Id. at 7.) The court found this "analysis [was] woefully inadequate" as there was "no discussion of either the opinion's supportability or consistency," and that "ALJ did not even cite to—let alone discuss—evidence in support of the ALJ's assertion." (Id.) Instead, the ALJ relied "entirely on the vague and conclusory reference to the ALJ's opinion 'below' and 'above'" found elsewhere in the ALJ's opinion. (Id.)

Defendant's motion "does not challenge this court's decision to remand for further proceedings based on other concerns," but only seeks an amended order and judgment with respect to the court's analysis of the ALJ's treatment of PA Townsend's medical opinion. (Def.'s Mot. (ECF No. 22) at 2.) Defendant asserts that the court "erred in . . . refusing to evaluate the reasons the ALJ gave and the evidence the ALJ identified in support." (Id. at 4.) Had the ALJ provided such reasoning and evidence the court would have evaluated it. But the ALJ did not. Nor will the court search through the ALJ's opinion in an attempt to support the ALJ's vague and conclusory analysis.

Defendant accuses the court of "canvassing out-of-circuit district court cases for language suggesting a higher standard of articulation than" found in Ninth Circuit cases Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022) and Kitchen v. Kijakazi, 82 F.4th 732 (9th Cir. 2023). This accusation is false for at least two reasons. First, the court's September 14, 2023 order explicitly relied on Woods, quoting in support Woods' holding that :

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

(ECF No. 20 at 6 (quoting Woods, 32 F.4th at 792)).

Second, the Kitchen decision was issued the same day the court signed the order granting plaintiff's motion for summary judgment. Had the court had the benefit of the Kitchen decision in drafting the September 14, 2023 order, the court would have relied on it as well. In this regard, in Kitchen the Ninth Circuit affirmed the ALJ's decision to reject a medical opinion where the

3

ALJ: (1) "reasoned that [the] assessment of severe limitations was inconsistent with the medical record" and with the doctor's "own unremarkable mental status examinations"; and (2) "pointed to" the doctor's own observations that were inconsistent with the opinion.  82 F.4th at 740-41. The ALJ in Kitchen specifically relied on the doctor's own observations that the claimant "was engaged, alert and oriented, and only 'slightly anxious.'"  Id. at 740.   Here, in contrast, the ALJ neither provided reasoning nor pointed to evidence to reject the opinion at issue.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant's September 29, 2023 motion to amend the judgment (ECF No. 22) is denied.

Dated:  March 21, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\smith0412.stip.am.den

4