UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BRIAN SMITH, | No. 2:21-cv-00412-SCR |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for benefits under the Social Security Act. On September 15, 2023, Magistrate Judge Barnes granted Plaintiff's motion for summary judgment and entered judgment remanding this action to the Commissioner for further proceedings. ECF Nos. 20 & 21. On remand, Plaintiff was awarded past benefits of $115,744[1].

Now pending before the Court is Plaintiff's August 4, 2025 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), which seeks an award of $22,733.26. ECF No. 30. The Commissioner has filed a statement that he "neither supports nor opposes counsel's request for attorney's fees." ECF No. 34 at 2. For the reasons set forth below, the Motion will be granted.

---

[1] The Notice of Award states that Plaintiff's past due benefits are $115,744.70 and that $28,936.18 is being withheld as a potential representative fee. ECF No. 31-4 at 3.

1

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and his counsel entered into a contingent-fee agreement. ECF No. 31-1. Pursuant to that agreement Plaintiff's counsel now seeks attorney's fees in the amount of $22,733.26 which represents 19.6% of the retroactive disability benefits awarded to Plaintiff on remand.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *See Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id*. Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required").

Here, Plaintiff's counsel states that over the last decade he has represented approximately 180 individuals in social security cases. ECF No. 31 at 2. He states that his customary rate for representing individuals in federal non-contingency and general civil actions during the relevant time period was $500/hour. *Id*. Counsel obtained a successful result for his client in this matter. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The Court finds that the $22,733.26 fee, which is less than 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

Counsel has submitted a detailed billing statement in support of the requested fee. ECF No. 31-2. The statement reflects 35.2 hours of attorney time. The Court finds that the amount of time expended is reasonable. *See also Costa v. Commissioner*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). The Court observes that the effective hourly rate of $646/hour is in accord, and in fact lower, than recent awards in this District. *See Garcia v.*

*O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864).  In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be reasonable, and the fee requests ranged from $11,500 to $24,000, and if divided by the hours expended would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147.  Some courts have also approved higher effective rates.  *See Roxsann D. A. v. O'Malley,* 2024 WL 1136398 (C.D. Cal.  Feb. 12, 2024) ("The Central District of California has frequently found reasonable fees with effective hourly rates exceeding $1,000").

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Here, as stated in the motion, there was no prior request for, or award of, EAJA fees.  ECF No. 30 at 4.  Accordingly, there is no prior award of EAJA fees that needs to be offset.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 24), is GRANTED; and

2. Counsel for Plaintiff is awarded $22,733.26 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees.

SO ORDERED:

DATE: August 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE